UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIAN OWENS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>C. BELLINGER, et al.,<br><br>　　　　Defendants. | Case No. 21-cv-02917-HSG<br><br>**ORDER OF PARTIAL SERVICE; DISMISSING CERTAIN DEFENDANTS WITH LEAVE TO AMEND** |

Plaintiff, an inmate at Pelican Bay State Prison ("PBSP"), has filed a *pro se* action pursuant to 42 U.S.C. § 1983. His complaint is now before the Court for review under 28 U.S.C. § 1915A. Plaintiff has been granted leave to proceed *in forma pauperis* in a separate order.

**DISCUSSION**

**A.　Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the

grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). While Rule 8 does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.*

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Complaint**

The complaint names the following PBSP B Yard correctional officers as defendants, in their individual and official capacities: C. Bellinger, J. Frawley, D. Fugate, and P. Sherman.

The complaint makes the following allegations.

On October 23, 2019, Plaintiff filed a grievance against defendant Bellinger for misconduct and abuse of authority. This grievance was common knowledge to the PBSP B Yard correctional officers. Defendants retaliated against Plaintiff for filing this grievance in the following manner.

Plaintiff was subjected to three cell searches within a two-week time frame: November 21, 2019, November 22, 2019, and December 2, 2019. The November 22, 2019 cell search was not documented. Defendant Frawley conducted the December 2, 2019 cell search, and Plaintiff returned to his cell after the search to find his belongings dumped on the floor. Plaintiff was not given a cell search slip for the December 2, 2019 cell search. The timing of these searches, the frequency of the searches, the failure to document two of the three searches, and the fact that Plaintiff's belongings were dumped on the floor show that the searches were retaliatory.

Between December 25, 2019, and January 11, 2020, Defendant Fugate made it difficult for Plaintiff to obtain grievance forms; told Plaintiff that he would go out of his way to create a reason to write Plaintiff up for a rules violation; and told B Yard inmates that he would not grant cell moves unless B Yard inmates convinced Plaintiff to move out of Building B7, saying that he

wanted Plaintiff out because Plaintiff he had filed a grievance against defendant Bellinger.

On January 17, 2020, as defendant Sherman was serving breakfast, defendant Sherman made a remark about a pair of shorts and a shirt that Plaintiff had left drying on the rail out on the tier.  Plaintiff explained that there was no room to hang the clothing in the cell and that he would get the clothing as soon as he could get out of his cell.  He then told defendant Sherman to not worry about it and asked for his food.  Defendant Sherman responded by throwing Plaintiff's clothing over the top tier in an irrational manner and saying as he departed, "Keep talking Owens, keep talking."  Plaintiff alleges that defendant Sherman was trying to provoke him into a hostile reaction, and that defendant Sherman was retaliating against him for the grievance against defendant Bellinger and to intimidate Plaintiff from filing further grievances against correctional staff.

C.     **Legal Claims**

Plaintiff alleges that Defendants retaliated against him in violation of the First Amendment.  "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). The complaint states a cognizable First Amendment retaliation claim against defendant Fugate.

However, the complaint fails to state a cognizable First Amendment retaliation claim against defendants Bellinger, Frawley, and Sherman.

With respect to defendant Bellinger, Plaintiff has not identified any allegedly retaliatory actions taken by defendant Bellinger.  To the extent that Plaintiff is implying that defendant Frawley searched his cell and defendant Sherman threw his clothes over the railing in retaliation for the grievance filed against defendant Bellinger, Plaintiff must proffer "further factual enhancement" to link defendant Bellinger to defendants Frawley and Sherman's actions.  *Ashcroft*, 556 U.S. at 677–78.  "A finding of liability in a civil rights action. . . requires, as a matter of law, that the defendant be the proximate cause of the section 1983 injury.  *Hazle v. Crofoot*, 727 F.3d

3

983, 993 (9th Cir. 2013) (internal citation and quotation marks omitted). A defendant is liable for "'setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" *Tatum v. Moody*, 768 F.3d 806, 817 (9th Cir. 2014) (citing *Crowe v. Cnty. of San Diego*, 608 F.3d 406, 430 (9th Cir. 2010)). As discussed below, there are insufficient factual allegations from which it can be reasonably inferred that defendants Frawley and Sherman were acting in retaliation, or that defendant Bellinger was aware, or should have been aware, that defendant Frawley would search Plaintiff's cell and defendant Sherman would throw Plaintiff's clothes over the railing because of the grievance filed against defendant Bellinger.

With respect to defendants Frawley and Sherman, Plaintiff has proffered nothing more than speculation as to why defendant Frawley conducted the cell search and why defendant Sherman threw his clothes over the tier. The claim that defendants Frawley and Sherman must have been retaliating because all B Yard officers, including Frawley and Sherman, knew of the grievance against defendant Bellinger is speculative and conclusory. Such a claim would imply that any actions taken by correctional officers after the grievance was filed, and perceived as adverse by Plaintiff, were all retaliatory. In contrast, Plaintiff's claim against defendant Fugate is not speculative because, in addition to the claim that all B Yard officers knew of the grievance, Plaintiff identifies specific statements made by defendant Fugate indicating that defendant Fugate sought to take adverse action against Plaintiff because of the grievance and to deter Plaintiff from filing grievances.

The Court DISMISSES the First Amendment retaliation claim against defendants Bellinger, Frawley, and Sherman with leave to amend because it appears that Plaintiff may be able to correct the identified deficiencies. *See Schmitt v. Kaiser Found. Health Plan of Washington*, 965 F.3d 945, 960 (9th Cir. 2020) ("'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts'") (citing *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000)).

//

**CONCLUSION**

For the foregoing reasons, the Court orders as follows.

1. The following defendant(s) shall be served: Pelican Bay State Prison officer D. Fugate.

Service on the listed defendant(s) shall proceed under the California Department of Corrections and Rehabilitation's ("CDCR") e-service program for civil rights cases from prisoners in the CDCR's custody. In accordance with the program, the Clerk is directed to serve on the CDCR via email the following documents: the operative complaint, this order of service, a CDCR Report of E-Service Waiver form and a summons. The Clerk also shall serve a copy of this order on the Plaintiff.

No later than 40 days after service of this order via email on the CDCR, the CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service ("USMS") and which defendant(s) decline to waive service or could not be reached. The CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the Court a waiver of service of process for the defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form. The Clerk shall provide to the USMS the completed USM-205 forms and copies of this order, the summons and the operative complaint for service upon each defendant who has not waived service. The Clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

2. The First Amendment retaliation claim against defendants Bellinger, Frawley, and Sherman is DISMISSED with leave to amend. If Plaintiff wishes to pursue his claims against defendants Bellinger, Frawley, and Sherman, he shall file an amended complaint within **twenty-eight (28) days** of the date of this order. The amended complaint must include the caption and civil case number used in this order, Case No. C 21-02917 HSG (PR) and the words "AMENDED

5

COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed. An amended complaint completely replaces the previous complaints. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925 (9th Cir. 2012). Accordingly, Plaintiff must include in his amended complaint all the claims he wishes to present, including the claim found cognizable in this order, and all of the defendants he wishes to sue, including the defendant(s) ordered served above. Plaintiff may not incorporate material from the prior complaint by reference. Failure to file an amended complaint in accordance with this order in the time provided will result in dismissal of defendants Bellinger, Frawley, and Sherman from this action without further notice to Plaintiff, and the complaint docketed at Dkt. No. 1 remaining the operative complaint. The Clerk shall include two copies of the court's complaint form with a copy of this order to Plaintiff.

3. The complaint states a cognizable First Amendment retaliation claim against defendant PBSP officer C. Fugate.

4. In order to expedite the resolution of this case, the Court orders as follows:

a. No later than 91 days from the date this order is filed, Defendant must file and serve a motion for summary judgment or other dispositive motion. If Defendant is of the opinion that this case cannot be resolved by summary judgment, Defendant must so inform the Court prior to the date the motion is due. A motion for summary judgment also must be accompanied by a *Rand* notice so that Plaintiff will have fair, timely, and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment).[1]

b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon Defendant no later than 28 days from the date the

---

[1] If Defendant asserts that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Defendant must raise such argument in a motion for summary judgment, pursuant to the Ninth Circuit's opinion in *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, should be raised by a defendant as an unenumerated Rule 12(b) motion).

6

motion is filed. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment.

    c. Defendant shall file a reply brief no later than 14 days after the date the opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion.

  5. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland*, 154 F.3d 952, 962–63 (9th Cir. 1998) (en banc) (App. A). (The *Rand* notice above does not excuse Defendant's obligation to serve said notice again concurrently with a motion for summary judgment. *Woods*, 684 F.3d at 939).

  6. All communications by Plaintiff with the Court must be served on Defendant's counsel by mailing a true copy of the document to Defendant's counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until Defendant's counsel has been designated, Plaintiff may mail a true copy of the document directly to Defendant, but once Defendant is represented by counsel, all documents must be mailed to counsel rather than directly to Defendant.

7. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

8. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

9. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

**IT IS SO ORDERED.**

Dated:  6/15/2021

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge