UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIAN OWENS,<br><br>    Plaintiff,<br><br>    v.<br><br>FUGATE,<br><br>    Defendant. | Case No. 21-cv-02917-HSG<br><br>**ORDER GRANTING MOTION TO PARTIALLY DISMISS COMPLAINT**<br><br>Re: Dkt. No. 14 |

Plaintiff, an inmate at Pelican Bay State Prison ("PBSP"), has filed a *pro se* action pursuant to 42 U.S.C. § 1983, seeking damages. On July 15, 2021, the Court found that the complaint stated a cognizable First Amendment retaliation claim against defendant C. Fugate. Dkt. No. 7. Now pending before the Court is defendant Fugate's motion to partially dismiss the complaint. Dkt. No. 14. Plaintiff has not filed an opposition, and the deadline to do so has since passed. Defendant has filed a reply. Dkt. No. 18. For the reasons set forth below, the motion to partially dismiss the complaint is GRANTED.

**DISCUSSION**

Plaintiff alleges that defendant Fugate retaliated against him in violation of the First Amendment. Plaintiff seeks compensatory and punitive damages. Plaintiff has sued defendant Fugate in both his individual capacity and his official capacity. *See id.* Defendants have filed a motion to partially dismiss the complaint. Specifically, they seek dismissal of all official capacity claims. Dkt. No. 14.

The Eleventh Amendment bars from the federal courts suits against a state by its own citizens, citizens of another state or citizens or subjects of any foreign state. *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 237-38 (1985). This Eleventh Amendment immunity extends to

suits against a state agency, including the CDCR, *Brown v. Cal. Dep't of Corrs.*, 554 F.3d 747, 752 (9th Cir. 2009) (California Department of Corrections and California Board of Prison Terms entitled to Eleventh Amendment immunity), and to state officials sued in their official capacities, *see Kentucky v. Graham*, 473 U.S. 159, 169-70 (1985), *see also Ex parte Young*, 209 U.S. 123, 159-60 (1908). *Ex parte Young* sets forth an exception to Eleventh Amendment immunity where the plaintiff is seeking prospective injunctive relief from continuing or impending state action which violates the federal constitution or a federal statute. *See Armstrong v. Wilson*, 124 F.3d 1019, 1026 (9th Cir. 1997). Here, Plaintiff is seeking only damages. Accordingly, Plaintiff's claim against defendant Fugate in his official capacity is barred by the Eleventh Amendment. The Court therefore GRANTS defendant Fugate's motion to dismiss the official capacity claim against him.

## CONCLUSION

For the reasons set forth above, defendant Fugate's motion to partially dismiss the complaint is GRANTED. Dkt. No. 14. The official capacity claim against defendant Fugate is DISMISSED with prejudice.

This order terminates Dkt. No. 14.

**IT IS SO ORDERED.**

Dated: October 4, 2021

HAYWOOD S. GILLIAM, JR.
United States District Judge